**Nicholas SILANO, Petitioner**

v.

**UNITED STATES PAROLE COMMISSION, Benjamin Baer, Chairman; United States Department of Justice, Bureau of Prisons, Norman Carlson, Director; Douglas Lansing, Superintendent, Allenwood Federal Prison Camp; Respondents.**

**Civ. A. No. 85–0610.**

United States District Court, M.D. Pennsylvania.

Aug. 26, 1985.

Nicholas Silano, pro se.

Barbara L. Kosik, Scranton, Pa., for defendants.

## MEMORANDUM

CALDWELL, District Judge.

The petitioner has filed objections to the report of the Magistrate and a brief in support of the objections. The Magistrate upheld the action of the United States Parole Commission in basing plaintiff's presumptive range of incarceration on guidelines that were in effect on the date of petitioner's initial parole hearing (in 1983), rather than those in effect on the date of his crime (in 1981). Essentially plaintiff's contention is that Judge Conaboy's ruling of September 14, 1984, in *United States ex rel. Forman v. McCall*, 709 F.2d 852 (3d Cir.1983), *on remand* Civil No. 81–0553 (M.D.Pa. Sept. 14, 1984), *reversed* 776 F.2d 1156 (3d Cir. 1985), should be applied retroactively. Judge Conaboy ruled in *Forman*, that parole guidelines, woodenly applied, are laws subject to the *ex post facto* clause of the United States Constitution (Art. I,

Sec. 9). The issue there is whether *Forman* is to be applied retroactively to this case.[1]

The Magistrate concluded the outcome of this case is controlled by *Leonzi v. Parole Commission*, M.D.Pa. 84–1684, (May 24, 1985), in which Judge Rambo ruled against retroactive application of *Forman*, by adopting a well reasoned Magistrate's report which concluded the *Forman* relief should be granted prospectively only; that is to parole hearings held subsequent to September 14, 1984 and to habeas corpus petitions which raised the issue and were pending on September 14, 1984. Plaintiff in his brief does not address the result reached in *Leonzi*. We conclude that the Magistrate's decision as to the reasons which require restrictions on the retroactive application of *Forman* are sound and should be followed. As concluded in *Leonzi*, the retroactive application of *Forman* would indeed impose severe hardships on the Parole Commission, and an ample basis exists for avoiding this hardship by holding that *Forman* be applied prospectively. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

On August 16, 1985, subsequent to Judge Rambo's ruling in *Leonzi, supra,* Judge Conaboy decided the case of *Williams v. United States Parole Commission*, 617 F.Supp. 470 (M.D.Pa.). In a thorough opinion on the subject of retroactivity Judge Conaboy rejected the retroactive application of the result reached in *Forman, supra*. His opinion correctly points out that not all legal rulings are susceptible of retroactive application, and he reviewed a number of appellate decisions bearing on the question. Relying on the criteria for retroactivity established by the United States Supreme Court in *Solem v. Stumes*, 465 U.S. 638, 104 S.Ct. 1338, 79

---

**1.** Plaintiff began serving his sentence on May 24, 1983 and he had his initial parole hearing in December, 1983. His administrative remedies concerning his release date were pursued by appeals. The Regional Commissioner reaffirmed his decision on April 2, 1984 and the National Appeals Board affirmed the parole decision on August 1, 1984. In December 1984 the plaintiff attempted to have his case reopened and in January 1985 the Parole Commission rejected this effort. This action was filed on May 6, 1985.

L.Ed.2d 579 (1984), Judge Conaboy conclud-
ed by stating:

> Thus, considering the Commission's cur-
> rent caseload it is plain that retroactive
> application of the *"Forman* Rule" would,
> in the terms of *Solem,* supra, have a
> significant negative impact on the admin-
> istration of justice. We cannot justify
> this negative impact in a context where
> the complaint does not implicate the fun-
> damental issue of petitioner's innocence
> or guilt.

Because we agree with Judges Conaboy
and Rambo that *Forman* should be applied
prospectively, plaintiff's objections to the
Magistrate's report will be denied.